UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                               :
UNITED STATES OF AMERICA                       :
                                               :   **PRELIMINARY ORDER OF**
        - v. -                                 :   **FORFEITURE AS TO**
                                               :   **SUBSTITUTE ASSETS**
CHRISTOPHER NRECAJ,                             :
        a/k/a "Dok,"                           :   S1 12 Cr. 600 (GBD)
                                               :
                Defendant.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 18, 2012, CHRISTOPHER NRECAJ, a/k/a

"Dok," (the "Defendant"), was charged in a four-count Superseding Indictment, S1 12 Cr. 600

(GBD) (the "Indictment"), with conspiracy to distribute 500 grams and more of mixtures and

substances containing a detectable amount of cocaine, 100 kilograms and more of mixtures and

substances containing a detectable amount of marijuana, and mixtures and substances containing

a detectable amount of Oxycodone, in violation of Title 21, United States Code, Section 846

(Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of

Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two); and unlawful transport

and possession of firearms, in violation of Title 18, United States Code, Sections 922(g)(1) and

924(a)(2) (Counts Three and Four);

        WHEREAS, on or about June 11, 2013, the Defendant pled guilty to Counts One

and Two of the Indictment, pursuant to a plea agreement with the Government;

        WHEREAS, on or about December 12, 2013, the Court entered an Order of

Forfeiture, imposing a money judgment against the Defendant in the amount of $1,800,000 (the

1

"Money Judgment"), representing proceeds obtained directly or indirectly as a result of the narcotics offense alleged in Count One of the Indictment (D.E. 201);

WHEREAS, to date, the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific asset in which the Defendant has an ownership interest:

a. $100.50 in United States currency seized by the Government from the Defendant at the time of his arrest on or about August 10, 2012;

(the "Substitute Asset"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's rights, title and interest in the Substitute Asset.

NOW IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:

1.      All of the Defendant's rights, title, and interest in the Substitute Asset are hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.      Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Asset and to keep them in its secure custody and control.

3.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the

2

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government Internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Asset must file a petition within sixty (60) days from the first day of publication of the notice on this official government Internet site, or no later than thirty five (35) days from the mailing of actual notice, whichever is earlier.

4.      The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Asset, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's rights, title, or interest in the Substitute Asset and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5.      The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Asset, as a substitute for published notice as to those persons so notified.

6.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Asset, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

3

7.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: April 4, 2023
　　　New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE